

_____
ROBERT A. GORDON
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

IN RE:

Vickie M. Quickly dba Abundent Life         Bankruptcy No. 08-15865 RAG

    Debtor(s)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Accredited Home Lenders, Inc.

    Movant

v                                            Chapter 11

Vickie M. Quickley dba Abundent Life

    Respondent(s)

and

US Trustee - Baltimore 11

    Trustee

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CONSENT ORDER MODIFYING STAY
### 9950 Oaklea Court, Ellicott, MD 21042

    A Motion for Relief from Stay having been filed by Accredited Home Lenders, Inc., the Movant and the Debtor(s) enter into the following factual stipulations:

    A.    The Subject Property of this Order is known as 9950 Oaklea Court, Ellicott, MD 21042, and is owned by the Debtor(s). It is encumbered by a Deed of Trust is dated October 31,

2005 and is recorded among the Land Records of Howard County, Maryland in Liber 09620 at Folio 157 . The Deed of Trust Note is held by Accredited Home Lenders, Inc.

      B.      Post-Petition arrearages under the Deed of Trust have accrued since April 28, 2008, the date of the filing of this case. The post-petition arrears as of July 30, 2008 are $1,397.23.  The arrearage consists of late charges of $597.23, attorney's fees of $650.00 and Court costs of $150.00.

      UPON CONSIDERATION OF THE FOREGOING, and of the Consent of the parties as subscribed below, it is thereupon, by the United States Bankruptcy Court for the District of MARYLAND,

      ORDERED that the Motion for Relief from Stay be and is hereby GRANTED, on the following conditions:

      The Debtor(s) shall, time being of the essence.

1.      Commence making the regular monthly payment of $3,947.93, beginning August 1, 2008. The amount may be adjusted for subsequent escrow analysis or for any interest rate adjustment required by the Note. Debtor will provide to Movant evidence of any post-petition payments for which Debtor has evidence of making and believes has not been given credit for. Upon confirmation by the Movant of receipt of said payment(s), Movant will give Debtor credit for the un-credited post-petition payments.

      2.      Pay the remaining Post-Petition arrearage in 6 equal payments beginning August 15, 2008, each in the amount of $232.87, and continuing on the same day of each following month until paid.

      3.      Payments under Paragraphs 1 and 2 above shall be transmitted to Accredited Home Lenders, Inc., 15253 Avenue of Science, Bldg 3 San Diego CA 92128, and each must contain a reference to Lender's Loan No.

      ORDERED, that if any regular or arrears payment required to be made by this Order is not made as provided herein, Movant or its attorney may mail, by first class mail, postage prepaid, a AFFIDAVIT OF DEFAULT to Debtor and counsel, which notice will provide that the default must be cured by 3:00 o'clock p.m. on a date specified therein, which shall not be earlier than the 11th day after the date of the mailing of the AFFIDAVIT OF DEFAULT if the 11th day is a regular business day, otherwise extended to the next following regular business day. Cure consists of payment of the missed payments, any late charge accrued on such missed payments and attorney's fees and costs for providing the AFFIDAVIT OF DEFAUT, and any other payments becoming due under the terms of this Consent Order between the date of the Affidavit of Default and before the actual tender of the curing payment, but only 2 such cure opportunities are allowed by this Order and any subsequent default shall be deemed uncurable. This CURE PAYMENT MUST be made by money order, cashier's check or certified check, payable to the Order of 'THE FISHER LAW GROUP, PLLC' and delivered to 9440 Pennsylvania Avenue, Suite 350, Upper Marlboro, MD 20772, and it is further,

ORDERED, that the failure to cure in a timely manner or a breach for which cure is not permitted shall be evidenced by a Affidavit of Default and Notice that Automatic Stay is Terminated, and upon the filing of such a Affidavit, the provisions of the following decretal paragraphs apply, without the necessity of any further court order, and it is further,

ORDERED, that upon the filing of such a Affidavit, the Stay imposed pursuant to 11 U.S.C., Section 362(a) against any acts of the noteholder to enforce the provisions the Deed of Trust described in Paragraph "A." hereof, including but not limited to foreclosure pursuant to any power of sale, and the recovery of possession, is hereby terminated, with respect to the Subject Property of this Order, and it is further,

ORDERED, that in the event of the conversion of this case to Chapter 7, Debtor shall have ten days from the mailing of a Affidavit of Default specifying the amount to fully reinstate the loan by paying all pre and post petition arrearages and in the event Debtor shall fail to do so, stay is terminated as provided in the immediately proceeding paragraph of this order, upon the filing of a Affidavit of Default and Notice that Automatic Stay is Terminated, and it is further,

ORDERED, that a copy of the Auditor's Report and a Report of Sale be filed in this Court within ten (10) days of final ratification of the Auditor's Account by the Circuit Court, and it is further,

ORDERED, that there is no additional stay provided by Bankruptcy Rule 4001(a)(3).

ORDERED, that Moving Party and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement or loan modification or other loan workout/loss mitigation agreement not otherwise requiring court approval. The Moving Party may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

Approved as to form and content:

| /s/ Scott R. Robinson | /s/ Jeffrey M. Sirody |
|---|---|
| Scott R. Robinson, Esquire | Jeffrey M. Sirody |
| Attorney for Movant | Attorney for Debtor |

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/____ on this copy reference the signatures of consenting parties on the original consent order.

    /s/ Scott R. Robinson
Attorney for Movant

Copies to be mailed to:

Scott R. Robinson, Esquire
THE FISHER LAW GROUP, PLLC
Vickie M. Quickly
Jeffrey M. Sirody
US Trustee - Baltimore 11

Matter No.: 08-02134

"END OF ORDER"